IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED
2009 FEB 20 PM 4: 15
RICHARD R. ROOKER, CLERK

| | |
|---|---|
| WENDY W. FRICKEY<br>and KEITH FRICKEY | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| v. | ) CASE NO: 09C585<br>) |
| PROGRESSIVE CASUALTY<br>INSURANCE, CO. and<br>PROGRESSIVE HAWAII INSURANCE<br>CORPORATION | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

COME NOW the Plaintiffs, Wendy and Keith Frickey, by and through counsel, and hereby state their cause of action against the Defendants as follows:

1. At all times relevant and material hereto the Plaintiffs were citizens and residents of Davidson County, Tennessee and they obtained a policy of insurance covering their 2006 Dodgen Born Free Motor Home from one or both of the Defendants.

2. Both Defendants (hereinafter "Progressive") are insurance companies operating in the State of Tennessee and each has designated the Commissioner of Commerce and Insurance as their agent for service of process.

3. During a period of valid coverage, said insured motor home experienced a covered loss in that it was struck by lightning. As a result of the covered event, the motor home experienced significant damage. The loss occurred on or about April 25, 2007.

4. The Plaintiffs attempted to work with Progressive and various vendors who were engaged to repair the vehicle as a result of the loss; however, the motor home was finally taken to

the manufacturer in an attempt to have proper and complete repairs made. The Plaintiffs obtained possession of the allegedly completely repaired vehicle on or about February 21, 2008.

5. It has become apparent to the Plaintiffs, based upon multiple and continuing problems with the vehicle that the damage caused by the lightning strike was much more extensive than as acknowledged by Progressive. The Plaintiffs assert the replacement cost coverage they purchased from Progressive as part of their insurance coverage provides them with an appropriate remedy; however, Progressive refuses to determine the vehicle a total loss.

6. The Plaintiffs assert the value of the vehicle as a result of the lightning strike is less than the cost to repair it, if in fact it can be repaired.

7. In its current condition, the Plaintiffs allege the vehicle is a total loss and they should be entitled to damages pursuant to the terms of their policy, pertinent portions are attached hereto for reference as if restated verbatim herein. (Exhibit 1-Insurance Policy)

8. In the alternative, the Plaintiffs allege the vehicle in question must be completely torn down for additional repairs and testing because it is a danger to the Plaintiffs and others if operated in public roadways in its current condition.

9. Plaintiffs further contend the Defendants violated TCA §56-7-101 *et seq* with regard to their failure to deal fairly with their insureds and to deny coverage for which premium was paid.

10. Plaintiffs also contend the Defendants violated TCA §47-18-101 *et seq* with regard to the unfair and deceptive handling of the covered loss at issue. The Defendants knew or should have known the extensive damage caused by the lightning strike rendered the subject vehicle a total loss and entitled the Plaintiffs to the replacement cost of the vehicle.

**WHEREFORE**, the Plaintiffs pray for the following relief:

a. That the Defendants be served with process and required to answer pursuant

to the Tennessee Rule of Civil Procedure;

b. That the Plaintiffs be awarded a judgment against the Defendants in an amount not to exceed $130,000;

c. That the Court award damages, reasonable attorneys fees, court courts and any other and further relief to which the Plaintiff's may show themselves entitled.

Respectfully submitted,

Julie-Karel Elkin (BPR # 017231)
417 Washington Square
222 Second Avenue North
Nashville TN 37201
615-244-3300
*Attorney for the Plaintiffs*